In the Matter of the Claim of MARGARET B. MORTON for Unemployment Insurance Benefits under the Unemployment Insurance Law, Being Article 18 of the Labor Law. MARGARET B. MORTON, Claimant; THE SPIRELLA COMPANY, INC., Appellant; FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which determined that the claimant was an employee of the appellant and not an independent contractor. The claimant entered into a written contract with the appellant to act as distributor of appellant's goods. The claimant agreed to pay for demonstration models and carrying cases and to use all modeling garments as provided by the company; to prepare herself thoroughly by taking the training made available by the company and practicing the company's methods of corsetry and mastering its methods of salesmanship; to keep on hand at all times a complete set of modeling garments and a representative, up-to-date assortment of demonstration models; to use modeling garments for taking measurements; to secure clients for the Spirella products in her territory, and when ordering goods to give the names and addresses of all clients; not to sell the Spirella products outside of the territory limited to her and to pay promptly for all goods ordered; to deliver to the company upon the termination of the contract all modeling garments and all Spirella literature; not to sell any other than Spirella goods and not for one year after the termination of the contract to sell foundation garments or accessories either on her own account or for another within the territory assigned to her. It is agreed that the contract set forth the entire agreement between the parties and that no representations or agreements of any nature whatsoever had been made on behalf of the company other than those above set forth. The price at which the garments which the claimant purchased from the company were to be sold was not specified in the contract, only the price which she was to pay for them. She paid cash when she received the garments at the office and the difference between what she paid and what she sold them for represented her earnings, of which the company had no record. The company kept no account of the customers and did not know what the customers had to pay for the garments. Under the terms of the contract and the evidence in the case the claimant was an independent contractor and not an employee. The determination should be reversed and the claim dismissed, with costs to the appellant against the Industrial Commissioner. Determination reversed and the claim dismissed, with costs to the appellant against the Industrial Commissioner. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY GRIECO, Relator, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, at Dannemora, New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.