In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by MARGARET B. MORTON, Claimant.

THE SPIRELLA COMPANY, INC., Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.

Third Department, March 5, 1941.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Clarence R. Runals* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, W. Gerard Ryan* and *Francis R. Curran* of counsel], for the respondent.

SCHENCK, J. This matter has been before this court and before the Court of Appeals. (259 App. Div. 771; revd., 284 N. Y. 167; Id. 738.) This court held that the claimant herein was not an

employee and was not subject to the Unemployment Insurance Law of the State of New York. The Court of Appeals reversed this decision, however, and held that claimant was an employee and was subject to the provisions of said law. In denying a motion to amend its remittitur, the Court of Appeals stated that it had not passed upon the question of the jurisdiction of the Labor Department's Referee over The Spirella Company, Inc., appellant herein. The order denying the said motion contained a proviso that the jurisdictional question " may be argued in the court below." The matter is before this court at present upon motion of the appellant.

I fail to see how this court can now pass upon any question involving the parties to this appeal as to the question of unemployment insurance. They are the same parties whose litigation concerning the same subject-matter (*e. g.*, whether or not claimant is entitled to unemployment insurance benefits) has already been determined by the Court of Appeals. That court has ordered as follows:

" WHEREUPON, The said Court of Appeals having heard this cause argued by Mr. W. Gerard Ryan, of counsel for the appellant; and by Mr. Clarence R. Runals, of counsel for the respondent order, and after due deliberation had thereon, did order and adjudge that the order of the Appellate Division of the Supreme Court appealed from herein be, and the same hereby is reversed and the decision of the Appeal Board reinstated with costs in this court and in the Appellate Division."

Accordingly, it has been determined by the highest authority in this jurisdiction that the claimant herein is entitled to benefits as claimed. Having made this determination the fact that the court stated a certain question was not passed upon by it is immaterial. The basic controversy involved the question of the eligibility of claimant to receive unemployment insurance benefits. That point has been decided and the present proceeding is *res adjudicata*.

Presumably, the desire of appellant is to have the final order herein restricted to this claimant, so that it will not apply to other sales women in similar circumstances. The only proceeding before this court, however, involves this claimant and no other employee. Therefore, we can neither restrict nor enlarge the scope of the decision of the Court of Appeals.

Although in view of the foregoing I consider the matter purely academic, I believe that the Referee did have jurisdiction of appellant herein and that the result here would be the same even if the merits as urged by the appellant were properly before this court now. In any event, claimant herein is entitled to benefits

under the Unemployment Insurance Law and the question of interpretation of that law having been determined as it was by the Court of Appeals, it necessarily follows that all sales women in situations similar to that of claimant would likewise be subject to the law, although this could, of course, not prevent appeals by appellant in individual cases.

Order may be entered accordingly.

HEFFERNAN and FOSTER, JJ., concur; HILL, P. J., dissents in an opinion, in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). The Court of Appeals (284 N. Y. 167) reversed the order of this court (259 App. Div. 771) and reinstated the decision of the Appeal Board, which determined, " Appellant is liable for contributions upon the earnings of claimant *and all similar employees.*" Thereafter the Court of Appeals denied a motion to amend the remittitur by striking out the words " and all similar employees." The order stated: " The respondent expressly withdrew the question which by amendment to the remittitur it now asks the court to decide. This court has not passed upon that question and it may be argued in the court below." (See 284 N. Y. 738.) Adopting the suggestion of that order, this court has now heard argument as to the jurisdiction of the Unemployment Insurance Appeal Board to determine in this proceeding that appellant, the Spirella Company, Inc., is liable for contributions under the Unemployment Insurance Act on account of all the persons whose contracts are similar to that of the claimant, Margaret B. Morton. It is well to recite that it has been finally determined by the court of last resort that Margaret B. Morton was an employee of appellant within the purview of article 18 of the Labor Law, and the only issue now to be determined is whether, in this proceeding wherein it was determined that she was an employee, the Appeal Board had jurisdiction to determine the status of " all similar employees," and to determine that appellant should make contributions on account of those similarly situated.

This proceeding was brought under section 510 of the Labor Law. The claimant Morton filed an " original claim for benefits " dated November 23, 1938, as required by that section. The only appearances at the hearings which began March 15, 1939, were on behalf of claimant Morton and the appellant. Following the hearings the referee made a decision: " I find the Spirella Company, Inc., is the employer of the claimant * * * within the meaning of the law. I further find that the Spirella Company, Inc., is subject to pay contributions to the New York State Unemployment Insurance Fund, on the claimant's earnings, which was the difference

between the wholesale price charged claimant and the retail price charged the customer." In the decision by the Appeal Board dated July 27, 1939, the words " and all similar employees " first appeared. Section 510 of the act has been amended since the commencement of the proceeding; but at all times it has governed the presentation of a claim by an unemployed person. Section 523 now, as at the commencement of this proceeding, states the procedure to be followed in the event an employer fails to file a report for the purpose of determining the amount of his contribution under the act, and outlines the necessary steps which shall precede the Commissioner's determination of the amount of the contribution or tax. The Appeal Board in the decision herein stated: " The sole question to be determined by the Board is whether the relationship between appellant [the Spirella Company, Inc.] and claimant [Margaret B. Morton] was that of employer and employee, or whether claimant was an independent contractor." The Board improperly purported to determine matters not involved in this proceeding brought under section 510 of the Labor Law. That section deals only with claims for benefits presented by alleged employees, and in proceedings thereunder the Commissioner may not determine the amount of contributions to be made by the alleged employer. This statute differs from workmen's compensation whereunder the amounts paid by an employer on account of an injury go directly to or are earmarked for the benefit of a specified injured employee. " The Unemployment Insurance Fund " was created, consisting of taxes paid by the employer and employee and deposits made by the National and State governments. The fact that an employer has contributed on behalf of an employee and that the employee likewise has contributed gives to the latter no right to his own contributions or those made on his behalf. An unemployed person may benefit only in the event his claim is allowed in a proceeding brought under the last-mentioned section, and then the benefits are paid from the general fund. A great majority of the contributing employees and upon whose behalf employers may have paid large sums, will never receive a benefit on account of unemployment. Section 523 deals with the collection of contributions from employers in a manner somewhat comparable with the collection of other taxes paid directly to the State. Conditions precedent to the determination by the Commissioner as to the amount of the payroll tax or contributions are prescribed therein. This record does not disclose that either the Commissioner or the Appeal Board had jurisdiction to make the determination contained in the following quoted portion of the decision by the Board: " Appellant is liable for contributions upon the earnings

of claimant and all similar employees." The portion, however, that deals with claimant alone may be regarded as surplusage, for the liability of the employer as to claimant would certainly follow a determination that the relation of employer and employee existed. This proceeding had to do with the right of the claimant to benefits, and not with the assessment of the payroll tax against the employer.

The proceeding should be remitted to the Appeal Board for the sole purpose of striking from the paragraph headed " Decision " the words " and all similar employees," with fifty dollars costs and disbursements payable by the Industrial Commissioner to the appellant.

CRAPSER, J., concurs.

The Referee and the Appeal Board had jurisdiction to determine that claimant was an employee of appellant. Enter order in accordance with the prevailing opinion, with costs to the Industrial Commissioner.