The Spirella Company, Incorporated, Respondent, *v.* Frieda S. Miller, as Industrial Commissioner of the State of New York, and Others, Constituting the Unemployment Insurance Appeal Board of the State of New York, Appellants.

Fourth Department, May 7, 1941.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, W. Gerald Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the appellants.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Paul P. Cohen* and *Harrop A. Freeman* of counsel], for the respondent.

Cunningham, J.   The plaintiff seeks in this action to have determined its rights and liabilities under the Unemployment Insurance Law (Labor Law, §§ 500–539, added thereto by Laws of 1935,

chap. 468). This statute has been held to be constitutional. (*Chamberlin, Inc.*, v. *Andrews*, 271 N. Y. 1; affd., 299 U. S. 515; reargument denied, 301 id. 714.)

The plaintiff demands judgment declaring whether the Industrial Commissioner or the Unemployment Insurance Appeal Board has any jurisdiction to determine the liability of the plaintiff for contributions under the Unemployment Insurance Law upon the profits or earnings of one of its employees in a proceeding brought by that employee to recover unemployment insurance benefits; declaring whether the Industrial Commissioner or the Unemployment Insurance Appeal Board has any jurisdiction to determine the liability of the plaintiff for contributions under the Unemployment Insurance Law upon the profits or earnings of all of its employees within the State of New York in a proceeding brought by one employee to recover unemployment insurance benefits; declaring whether the Industrial Commissioner and the Unemployment Insurance Appeal Board, or either of them, has any jurisdiction of the contracts, agreements and relations between plaintiff and its employees; declaring whether Margaret B. Morton is or at any time has been an employee of the plaintiff; declaring whether any other person having similar relations to that of said Margaret B. Morton with plaintiff is or at any time has been an employee of the plaintiff, and declaring whether the plaintiff is obliged to make contributions under the Unemployment Insurance Law upon the profits or earnings of any such person.

Margaret B. Morton, referred to in the complaint, commenced a proceeding on November 23, 1938, to recover unemployment insurance benefits and contended that she was entitled to benefits upon her earnings as an employee of the Spirella Company. The plaintiff claimed in that proceeding that Margaret B. Morton had never been an employee of the plaintiff and that she was an independent contractor. Hearings were held by a referee assigned by the Industrial Commissioner to hold the same and plaintiff and its counsel appeared at such hearings. The referee found that Margaret B. Morton was an employee of the plaintiff and that the plaintiff was required to pay contributions on her earnings to the New York State Unemployment Insurance Fund.

The plaintiff then appealed to the Unemployment Insurance Appeal Board, which Board held a hearing in such matter and decided that Margaret B. Morton was an employee of the plaintiff and that plaintiff was liable for contributions upon her earnings and the earnings of all similar employees. Thereupon the plaintiff in this action appealed to the Appellate Division, Third Department, from the decision of the Unemployment Insurance Appeal

Board. That court reversed the determination of the Appeal Board and dismissed the claim (*Matter of Morton*, 259 App. Div. 771), holding that Margaret B. Morton was not an employee of plaintiff. An appeal was then taken by the Industrial Commissioner to the Court of Appeals, which court reversed the order of the Appellate Division and reinstated the decision of the Appeal Board. (*Matter of Morton*, 284 N. Y. 167.)

The Spirella Company then made a motion to amend the remittitur of the Court of Appeals by striking therefrom the words " and all similar employees " appearing in the determination of the Appeal Board as to the liability of the Spirella Company for contributions to the Unemployment Insurance Fund. This motion was denied, the court saying: " The respondent expressly withdrew the question which by amendment to the remittitur it now asks the court to decide. This court has not passed upon that question and it may be argued in the court below." (284 N. Y. 738.) In accordance with such suggestion of the Court of Appeals that question was thereafter argued in the Appellate Division, Third Department, which court, by a vote of three to two, decided that the proceeding under consideration involved Margaret B. Morton and no other employee, and, therefore, they would not pass upon the question as to whether other employees were affected by that decision. (*Matter of Morton*, 261 App. Div. 406.)

Practically all of the questions which plaintiff asks to have determined in this action have been determined in *Matter of Morton* (*supra*), except possibly the question as to whether the plaintiff is liable for unemployment insurance contributions upon the earnings of all of its employees. However, the complaint in this action alleges that all of the people working for plaintiff are hired under similar contracts, that their duties are the same and that they are subject to the same supervision as Margaret B. Morton. It was said by the Appellate Division of the Third Department in the prevailing opinion when its latest decision was handed down: " In any event, claimant herein is entitled to benefits under the Unemployment Insurance Law and the question of interpretation of that law having been determined as it was by the Court of Appeals, it necessarily follows that all sales women in situations similar to that of claimant would likewise be subject to the law, although this could, of course, not prevent appeals by appellant [the Spirella Company] in individual cases."

In this case, under the allegations of the complaint, the plaintiff may not expect that any decision as to its liability for contributions upon the earnings of persons employed by it will be different from that in the *Morton* case,

The employees of plaintiff are not parties to this action and a judgment herein would not be binding upon them. Consequently, a decision in this case would not finally settle all questions which plaintiff wishes to have determined herein. Probably that is the reason why the Appellate Division, Third Department, refused to pass upon the question as to whether the decision of the Appeal Board in the *Morton* case applied to all employees when only one of them was a party to the proceeding.

As practically all of the questions upon which plaintiff asks for a judicial declaration herein have been decided in the *Morton* case, and as a judgment herein would not bind the employees of plaintiff, the court, as a matter of discretion, should refuse to assume jurisdiction of this action. A declaratory judgment herein is not necessary and would not be useful.

The orders appealed from should be reversed upon the law and facts, with ten dollars costs and disbursements, and the motions granted as a matter of discretion, with ten dollars costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Orders reversed on the law and facts, with ten dollars costs and disbursements, and motions granted as a matter of discretion, with ten dollars costs.