Morris E. Spector, J.
Plaintiffs move for a temporary injunction. Defendants cross-move for dismissal of the complaint pursuant to subdivisions 1 and 4 of rule 106, subdivision 1 of rule 107 and rules 210 and 212 of the Rules of Civil Practice, or, in the alternative, for an order dismissing the complaint upon the ground that it fails to set forth facts sufficient to constitute a cause of action for declaratory judgment.
The application of John W. Galbreath to file a brief amicus curiae in support of plaintiffs’ motion is granted.
Representation proceedings were filed by the union on November 3, 1960 with the State Labor Relations Board. Plaintiff Kelley, on April 4, 1961, filed an application with the National Labor Relations Board in New York City requesting an election of his employees. On April 12, 1961 the Regional Director of the board refused to grant a hearing and dismissed the petition, stating “ it would not effectuate the policies of the Act to assert jurisdiction.” The State board scheduled a hearing on April 25,1961 of the representation proceedings affecting the plaintiff Kelley. The National Labor Relations Board had already issued *714 an advisory opinion stating: “ We are of the opinion that we are vested with legal jurisdiction over the employer’s operations and that they are not entirely unrelated to commerce.” (William H. Dixon, 130 N. L. R. B. No. 122; 47 L R R M 1475). Plaintiff Kelley took an appeal to the National Labor Relations Board in Washington, where on May 19,1961 the action of the regional board was affirmed.
The State Labor Relations Board has held hearings in the cases of each of the three plaintiffs, rejected plaintiffs’ offer of proof on the question of jurisdiction, and refused to receive the evidence; and on May 23,1961 ruled that it had jurisdiction over public trainers and directed that elections be held.
On May 24, 1961 plaintiff Kelley commenced an action for declaratory judgment in the Federal District Court in the District of Columbia. It is stated that an application for summary judgment in that action was to be submitted on June 15, 1961, and the court is now informed that the matter has been set for argument on June 21, 1961.
The foregoing constitute some of the actions taken and determinations made in the area involved in this litigation.
The question presented is whether jurisdiction over plaintiffs ’ labor relations belongs to the defendants or to the National Labor Relations Board. Plaintiffs are not questioning the propriety of any action taken pursuant to authority conferred but, rather, the existence of authority to act at all. They contend that challenge to power need not await its usurpation and exercise.
Whether the matter is in the exclusive Federal jurisdiction will depend on whether, on August 1, 1959, the National Labor Relations Board would then have asserted jurisdiction under the standards then prevailing. (Labor-Management Relations Act of 1947, § 14, subd. [c], par. [1], as amd., U. S. Code, tit. 29, § 164, subd. [c], par. [1].) Plaintiffs contend that on August 1, 1959 the National Labor Relations Board’s policy or jurisdictional standard applied to nonretail operations involving the sale of goods or services into or out of the State, that is, an outflow or inflow, direct or indirect, of $50,000 or more per annum. They contend that their operations fall within that standard, and therefore the National Labor Relations Board has no choice but to take jurisdiction and the State board is ousted. By the act as amended, the National board remained free to decline jurisdiction “ where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction ’ ’; but it was not free to decline if the labor dispute before it was one “ over which it would assert jurisdiction under the standards *715 prevailing upon August 1, 1959.” The amended Act enabled the States to take jurisdiction in those eases where the National board having jurisdiction and discretion to decline, did so.
The jurisdictional standard, nonretail, was listed in the 23rd Annual Report of the National Labor Relations Board (1958). The fact that the particular industry or operation, whether nonretail or retail, had not been before the National board prior to August 1, 1959 is not material if it meets the jurisdictional standard adopted and applied prior to that date.
The National board has adopted rules providing for advisory opinions, so that employers, employees, courts, unions and agencies may be assisted in determining where jurisdiction lies in the particular case, and at present opinion and determination weigh heavily in favor of State jurisdiction over operators of breeding, raising, racing and selling thoroughbred horses. The difficulty with plaintiffs’ position is that it does not appear that “ nonretail ” covers the subject industry and that the National Labor Relations Board has repeatedly rejected jurisdiction in the industry (William H. Dixon, 130 N. L. R. B. No. 122; 47 L R R M 1475, supra). Where the National board intended to cover a particular nonretail industry, it has done so by definition and classification (N. L. R. B., 23rd Annual Report, 1958, p. 8).
Moreover, the remedy of action for declaratory judgments will not lie here. In Public Serv. Comm. v. Wycoff Co. (344 U. S. 237, 246-247) the Supreme Court stated: “Even when there is no incipient federal-state conflict, the declaratory judgment procedure will not be used to pre-empt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. It would not be tolerable, for example, that declaratory judgments establish that an enterprise is not in interstate commerce in order to forestall proceedings by the National Labor Relations Board, the Interstate Commerce Commission or many agencies that are authorized to try and decide such an issue in the first instance. * * * Responsibility for effective functioning of the administrative process cannot be thus transferred from the bodies in which Congress has placed it to the courts.” In addition, judgment here cannot be binding on the National board or on the union (Manhattan Stor. & Warehouse Co. v. Movers Assn., 289 N. Y. 82; Spirella Co., v. Miller, 261 App. Div. 745). This is particularly true as to the National Labor Relations Board, not amenable here, whose actions already are subject of review in the Federal jurisdiction.
*716 The National board has declined jurisdiction; the State board has undertaken it. Plaintiffs’ remedy is under the State Labor Relations Act. It may well be that by reason of the present and considerable activity in this area the law appears to be in a state of flux and reaching some finality so as to remove any mistaken impression that may remain concerning it. It may well be also that by reason thereof it would be appropriate, in the domain in which the State power is endeavoring to act, to proceed, but not with undue haste. In any event, there is no sound ground at law or in the exercise of discretion for the maintenance of this action.
Accordingly, plaintiffs ’ motion for an injunction is denied and defendants’ motion for dismissal of the complaint is granted.